```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```
_____

Veronica Brown,

    Plaintiff,

vs.                                          No. 14-2925-JDT-dkv

Ocwen Loan Servicing, LLC,
AltiSource Portfolio Solutions,
National Bank of Commerce,

    Defendants.
_____

REPORT AND RECOMMENDATION FOR DISMISSAL AS TO ALL DEFENDANTS
_____

On August 11, 2014, the plaintiff, Veronica Brown ("Brown"), filed a *pro se* complaint against the defendants, Ocwen Loan Servicing, LLC ("Ocwen"), AltiSource Portfolio Solutions ("AltiSource"), and National Bank of Commerce ("NBC"), alleging violations of her civil rights under 42 U.S.C. § 1983. (ECF No. 1.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is the February 10, 2015 motion filed by Ocwen and AltiSource pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 17.)

Brown has not responded to the motion to dismiss within the time required to do so.

NBC has not moved for dismissal, nevertheless, the court can "*sua sponte* dismiss claims where it gives notice of its intent to do so, the plaintiff[] ha[s] an opportunity to show why dismissal is not warranted, and the [] court spells out its reasons for dismissing the case." *Rondigo, L.L.C. v. Twp. of Richmond, Mich.*, 522 F. App'x 283, 286 (6th Cir. 2013)(citing *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008)).

For the reasons that follow, the court recommends that Ocwen and AltiSource's motion to dismiss be granted, and that Brown's claims against Ocwen and AltiSource be dismissed for failure to state a claim upon which relief can be granted. The court also recommends *sua sponte* dismissal of Brown's claims against NBC for failure to state a claim upon which relief can be granted.[1]

## I. PROPOSED FINDINGS OF FACT

Brown's court-supplied complaint form is entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1.) Apart from naming Ocwen, AltiSource, and NBC as defendants, Brown does not allege any

---

[1]Brown has an opportunity to show in her objections to the instant report and recommendation why dismissal of her claims against NBC is not warranted.

facts nor requests any relief from this court.  (*Id.*)   In fact, the "Statement of Claim" and "Relief" sections of her complaint are downright blank.  (*Id.*)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review for Failure to State a Claim

In assessing whether Brown's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3

3

("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se*

litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Brown's § 1983 claim

Brown has not pled any factual allegations nor asserted any basis for her § 1983 suit. Brown's complaint contains no plausible factual content to survive the *Iqbal* and *Twombly* standard. More vitally, the complaint contains neither "a short and plain statement of a claim showing that Brown is entitled to relief," nor "a demand for the relief sought," as required by Fed. R. Civ. P. 8(a).

Further, to successfully plead a § 1983 claim, a plaintiff must allege that she was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was caused by a person acting under color of state law. *See* 42 U.S.C. § 1983. The Defendants cannot be liable under § 1983 because they are private entities. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Brown has failed to plead a deprivation of a right caused by a person acting under color of state law, and moreover, she has failed to plead any factual allegations at all. Therefore, her claim under § 1983 should be dismissed.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Ocwen and AltiSource's motion to dismiss be granted. It is further recommended that Brown's claims against NBC be dismissed sua sponte. Accordingly, the court recommends that Brown's complaint be dismissed in full for failure to state a claim upon which relief can be granted.

Respectfully submitted this 16th day of March, 2015.

          s/ Diane K. Vescovo
          DIANE K. VESCOVO
          UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.